IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY SHERIDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:16-cv-00212 |
| v. ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Brown |
| CONVERGENT ) | |
| OUTSOURCING, INC., ) | |
| ) | |
| Defendant. ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Convergent Outsourcing, Inc.'s Motion for Summary Judgment. (Docket Entry 30). For the reasons explained below, the Magistrate Judge **RECOMMENDS** that: 1) Defendant's Motion for Summary Judgment be **GRANTED**; 2) Defendant's request for attorney's fees be **DENIED**; 3) this case be **DISMISSED WITH PREJUDICE**; 4) acceptance and adoption of this Report and Recommendation constitute the **FINAL JUDGMENT** in this action; and 5) any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3).

### I. PROCEDURAL BACKGROUND AND UNDISPUTED FACTS

**A. Procedural Background**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint on February 12, 2016 under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. (Docket Entry 1). Plaintiff asserts that on or about February 27, 2015, after obtaining his credit reports, he "discovered an inquiry by [D]efendant . . . to obtain Plaintiff's consumer credit report on

1

September 6, 2013; September 27, 2013 and December 27, 2013." (Docket Entry 1, ¶ 5, p. 2). Plaintiff argues that Defendant obtained the report without a "permissible purpose" in violation of 15 U.S.C. § 1681b. (Docket Entry 1, ¶ 14, p. 3). Plaintiff seeks recovery pursuant to 15 U.S.C. § 1681n in the form of $3,000 in statutory damages, plus costs, attorney's fees, and punitive damages. (Docket Entry 1, p. 4).

The District Judge referred this case to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B) on February 19, 2016. (Docket Entry 3). On May 19, 2016, Defendant filed the instant Motion. (Docket Entries 29, 30, 31). Plaintiff filed an opposition brief and on June 9, 2016 (Docket Entry 34), to which Defendant replied on June 21, 2016 (Docket Entry 37). Defendant's Motion for Summary Judgment is now properly before the Court.

**B. Undisputed Facts[1]**

This case concerns three credit inquiries made by Defendant. Defendant is and was at all times relevant to this case an authorized debt collector in the State of Tennessee. (Docket Entry 31-1, ¶ 3, p. 1). On September 4, 2013, T-Mobile USA, Inc. ("T-Mobile") placed an account (the "T-Mobile Account") with Defendant for collection, and represented to Defendant that the balance was valid, due and owing by Plaintiff. (Docket Entry 31-1, ¶ 5, p. 2). The same day, in connection with its efforts to collect on the T-Mobile Account, Defendant requested Plaintiff's "Collection Advantage Score" from Experian. (Docket Entry 31-1, ¶ 6, p. 2).

---

[1] Local Rule 56.01(c) requires a party opposing a motion for summary judgment to respond to each fact set forth by the movant, and to support each disputed fact with a specific citation to the record. Local Rule 56.01(g) states that failure to respond to the moving party's statement of material facts shall indicate that the asserted facts are not disputed for purposes of summary judgment. Plaintiff did not respond to Defendant's Statement of Material Facts Not in Dispute (Docket Entry 31) in accordance with Local Rule 56.01(c); therefore, Defendant's Statement of Material Facts is deemed undisputed.

On September 26, 2013, Resurgent Capital Services, L.P. ("Resurgent") placed an account with Defendant for collection ("Resurgent Account 1"). (Docket Entry 31-1, ¶ 7, p. 2). At the time of placement, Resurgent represented to Defendant that Resurgent Account 1 was in default and the balance was valid, due and owing by Plaintiff to Resurgent's client, LVNV Funding LLC ("LVNV"). (Docket Entry 31-1, ¶ 7, p. 2). In connection with its efforts to collect on Resurgent Account 1, Defendant requested Plaintiff's "Priority Score" from Experian on September 27, 2013. (Docket Entry 31-1, ¶ 8, p. 3).

On April 22, 2015, Resurgent placed a second account with Defendant for collection ("Resurgent Account 2"). (Docket Entry 31-1, ¶ 9, p. 3). At the time of placement, Resurgent represented to Defendant that Resurgent Account 2 was in default and the balance was valid, due and owing by Plaintiff to LVNV. (Docket Entry 31-1, ¶ 9, p. 3). In connection with its efforts to collect on Resurgent Account 2, Defendant requested an updated "Priority Score" for Plaintiff from Experian on April 23, 2015. (Docket Entry 31-1, ¶ 10, p. 3).

In each instance T-Mobile or Resurgent, as applicable, provided Defendant with Plaintiff's full name, mailing address, Social Security number, account number, and balance due. (Docket Entry 31-1, ¶ 5, p. 2; ¶ 7, pp. 2-3; ¶ 9, p. 3). Defendant requested Plaintiff's credit reports solely to assist in its collection of the three accounts and not for any other purpose, and so certified to Experian. (Docket Entry 31-1, ¶ 11, p. 4).

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must determine whether there is a

3

genuine issue for trial, that is, whether there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986). Where, as here, the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, the moving party may meet its burden by showing that there is an absence of record evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986). Once the moving party meets that burden, the non-moving party must set forth specific facts showing that there **is** a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis added).

"In evaluating the evidence, the court must draw all inferences in the light most favorable to the nonmoving party." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 587). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matushita*, 475 U.S. at 586. "A mere scintilla of evidence is insufficient." *Skousen v. Brighton High School*, 305 F.3d 520, 526 (6th Cir. 2002) (citing *Anderson*, 477 U.S. at 252). In order to withstand summary judgment, the nonmoving party must demonstrate that the record contains enough probative evidence in support of its position that a jury could reasonably find in its favor. *Anderson*, 477 U.S. at 249-50, 252.

**B. Claims under the FCRA**

Congress enacted the FCRA to bolster the efficiency and credibility of the banking system and protect consumers' right to privacy by ensuring that consumer credit reporting agencies provide fair and accurate reports. *See* 15 U.S.C. § 1681(a); *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). Accordingly, the FCRA regulates the circumstances under which reporting agencies may provide consumer credit information to third parties. *See generally* 15 U.S.C. §

4

1681b. The FCRA creates a private right of action that allows consumers to recover any actual damages they sustain as a result of willful noncompliance, or statutory damages up to $1,000 per violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

In order to make out a *prima facie* case under § 1681n, the plaintiff must show: (i) that the defendant acted willfully; (ii) that there was a "consumer report" within the meaning of the statute; (iii) that the defendant used or obtained it; and (iv) that the defendant did so without a "permissible purpose" within the meaning of the statute. *See Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014). The FCRA enumerates the "permissible purposes" for which a reporting agency may release a report, including "[t]o a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or **review or collection of an account** of, the consumer[.]" 15 U.S.C. § 1681b(a)(3)(A) (emphasis added). Whether a permissible purpose existed in a given case is a question of law. *Daniel v. DTE Energy*, No. 11-13141, 2013 WL 4502151, at *3 (E.D. Mich. 2013), *aff'd sub nom. Daniel v. DTE Energy Co.*, 592 F. App'x 489 (6th Cir. 2015) (affirming denial of motion to vacate *Daniel v. DTE Energy*, 2013 WL 4502151); *Pinson v. Monarch Recovery Management, Inc.*, No. 12-80480-CIV, 2013 WL 961308, at *2 (S.D. Fla. Mar. 12, 2013); *Edge v. Professional Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999), *aff'd*, 234 F.3d 1261 (2d Cir. 2000).

**C. Defendant's Motion for Summary Judgment**

Defendant argues that it is entitled to summary judgment because Plaintiff cannot prove that Defendant used his consumer report without a permissible purpose, and therefore cannot prove an essential element of his case. (Docket Entry 30, pp. 4-9). Defendant argues that because debt collection is a permissible purpose under § 1681b(a)(3)(A), and because Defendant

5

reasonably believed Plaintiff owned the accounts referred to it for collection, there was no FCRA violation. (Docket Entry 30, pp. 4-9). Defendant also requests costs and attorney's fees pursuant to § 1681n(c). (Docket Entry 29, p. 1; Docket Entry 30, p. 9).

In opposition, Plaintiff asserts in his Declaration that he had no "account" subject to collection and does not recall the accounts in question. (Docket Entry 34, pp. 2, 5-6). Plaintiff argues that because Defendant failed to verify that he owned the accounts before making credit inquiries on him, Defendant had no permissible purpose for making the credit inquiries. (Docket Entry 34, p. 2). Plaintiff also contests Defendant's reliance on a Declaration from its employee in support of its Motion. (Docket Entry 34, p. 2).

As a threshold matter, Defendant is entitled to rely on the Declaration of its employee in support of its Motion for Summary Judgment. Plaintiff objects to the Declaration "pursuant to Fed. R. Civ. P. 56(c)(2)," and it appears that Plaintiff believes the facts asserted therein would be inadmissible because the Declaration is "based upon [the employee's] personal knowledge and review of Defendant's records." (Docket Entry 34, p. 2). However, Rule 56(c)(1) clearly states that a party may use "affidavits or declarations" in support of its Motion for Summary Judgment. Fed. R. Civ. P. 56(c)(1). Rule 56(c)(4) explains that such a declaration **must** be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify. Fed. R. Civ. P. 56(c)(4). The Magistrate Judge therefore sees no reason why the Declaration of an employee of Defendant, which is made on personal knowledge, states the basis on which the declarant has such knowledge, and attests to the declarant's competence, should not be considered in connection with Defendant's Motion. *See Lloyd v. Midland Funding, LLC*, 639 F. App'x 301, 304-305 (6th Cir. 2016) (explaining that the district court properly considered, as part of the summary judgment record, affidavits of the defendant

company's authorized representative with personal knowledge based on his review of the company's business records).

Next, Defendant is correct that debt collection is a permissible purpose for obtaining a consumer's credit report. *See Etefia v. Russell Collection Agency, Inc.*, 20 F. App'x 485, 486 (6th Cir. 2001) (stating that § 1681b(a)(3)(A) authorizes a collection agency to request a consumer's credit report); *Carlisle v. Portfolio Recovery Assocs. Inc.*, No. 1:13-CV-209, 2014 WL 4829023, at *2 (E.D. Tenn. Sept. 29, 2014) ("Because debt collection is a permissible purpose, plaintiff has not alleged facts sufficient to establish an FCRA violation."); *see also Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011); *Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir. 2009).

Contrary to Plaintiff's argument, the FCRA does not require debt collectors to verify the accounts they are retained to collect. "As long as the debt collector has **reason to believe** that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA." *Robinson v. Greystone Alliance, LLC*, No. BPG-10-3658, 2011 WL 2601573, at *3 (D. Md. June 29, 2011) (citation omitted) (emphasis added); *see Korotki v. Attorney Services Corp. Inc.*, 931 F. Supp. 1269, 1276 (D. Md. 1996), *aff'd sub nom. Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997). Ruling on a summary judgment motion with similar evidence to the case at bar, one court held that a debt collector had reason to believe that a permissible purpose existed when its client referred a debt for collection and provided the consumer's account number, name, social security number, and balance due. *See Pinson*, 2013 WL 961308, at *2.

Here, there is no factual dispute that T-Mobile and Resurgent represented to Defendant that Plaintiff owed the debts in question, and provided Defendant with Plaintiff's full name,

7

mailing address, Social Security number, account numbers, and balances due. (Docket Entry 31-1, ¶ 5, p. 2; ¶ 7, pp. 2-3; ¶ 9, p. 3). Accordingly, the Magistrate Judge finds as a matter of law that Defendant had a reasonable belief that the accounts in question were valid. Plaintiff's Declaration that he does not recall the accounts does not create a genuine dispute concerning the reasonability of Defendant's belief. *See Pinson*, 2013 WL 961308, at *3 (explaining that a plaintiff who submitted his own affidavit contesting a debt, but did not produce record evidence challenging the defendant's evidence, had no basis for undermining the reasonability of the defendant's belief).

Plaintiff's dispute that "any accounts [exists] or [existed] pursuant to 15 U.S.C. [§] 1681a(r)(4)" (Docket Entry 34, p. 2) does not amount to a genuine dispute of material fact sufficient to preclude summary judgment. Plaintiff seems to be arguing that no permissible purpose under § 1681b(a)(3)(A) could exist, because the accounts in question are not "accounts" as defined in the FCRA. *See* 15 U.S.C. § 1681a(r)(4). Section 1681a(r)(4) incorporates by reference the definition of "account" in the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693a *et seq.*, which states that "the term 'account' means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(i) of this title) . . . established primarily for personal, family, or household purposes[.]" 15 U.S.C. § 1693a(2).

However, the definition urged by Plaintiff appears in the FCRA under a sub-heading of "Credit and debit related terms" in the context of the electronic fund transfer initiated by a debit card transaction. 15 U.S.C. § 1681a(r). That is a very different transaction from the debt collection relationship at issue here. Moreover, the definition urged by plaintiff excludes credit accounts. It would make little sense for § 1681b(a)(3)(A) to contemplate credit transactions and

8

the "review or collection of an account" while simultaneously adopting a definition of "account" that excludes credit balances. *See Demaestri v. Asset Acceptance Capital Corp.*, Nos. 11-cv-01671-WJM-MJW, 11-cv-01672-WJM-MJW, 2012 WL 1229907, at *4 (D. Colo. Mar. 14, 2012) (rejecting the plaintiff's argument that the definition of "account" in § 1681a(r)(4) should apply to § 1681b(a)(3)(A)). The Magistrate Judge therefore finds no genuine dispute that the accounts in question are accounts subject to collection under § 1681b(a)(3)(A).

Because the Magistrate Judge finds as a matter of law that Defendant had a permissible purpose for accessing Plaintiff's consumer credit reports, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment (Docket Entry 30) be GRANTED.

Finally, the Magistrate Judge notes that Defendant has requested reasonable costs and attorney's fees pursuant to § 1681n(c). (Docket Entry 29, p. 1; Docket Entry 30, p. 9). Section 1681n(c) provides that reasonable costs and attorney's fees shall be awarded to the prevailing party "upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment[.]" 15 U.S.C. § 1681n(c). "'It is the burden of the party moving for fees under § 1681n(c) to demonstrate that they are warranted.'" *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, at *21 (E.D. Mich. Nov. 13, 2008) (quoting *DeBusk v. Wachovia Bank*, No. CV 06-0324-PHX-NVW, 2006 WL 3735963, at *4 (D. Ariz. Nov. 17, 2006), *aff'd*, 291 F. App'x 55 (9th Cir. 2008)). "Fees are not awarded simply because a party prevails in litigation. Instead, it must be shown that the party who did not prevail commenced and continued the litigation in bad faith or for purposes of harassment." *Edge*, 64 F. Supp. 2d at 119. Defendant has requested fees without making any showing or argument that it is entitled to them.

9

Accordingly, the Magistrate Judge recommends that Defendant's request for attorney's fees be DENIED.[2]

### III. RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that: 1) Defendant's Motion for Summary Judgment be **GRANTED**; 2) Defendant's request for attorney's fees be **DENIED**; 3) this case be **DISMISSED WITH PREJUDICE**; 4) acceptance and adoption of this Report and Recommendation constitute the **FINAL JUDGMENT** in this action; and 5) any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3).

The parties may file and serve written objections to the findings and recommendations made herein within fourteen (14) days of receipt of this Report and Recommendation. Fed. R. Civ. P. 72(b). Parties opposed to such objections must respond within fourteen (14) days of service of those objections. Fed. R. Civ. P. 72(b). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 25th day of July, 2016.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[2] The Magistrate Judge notes that Plaintiff has filed numerous cases similar to the case at bar in this Court since 2014. Plaintiff is cautioned that if he continues to pursue such claims without proof that the defendant lacked a permissible purpose, attorney's fees may be awarded in the future.