**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| TERRY SHERIDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:16-cv-00212 |
| | ) | Judge Trauger |
| CONVERGENT OUTSOURCING, INC.. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On July 25, 2016, the magistrate judge issued a Report and Recommendation (Docket No. 39), to which the plaintiff has filed Objections (Docket No. 46), to which objections the defendant has responded (Docket No. 47).

Because the Report and Recommendation relates to a dispositive matter (the defendant's Motion for Summary Judgment (Docket No. 30)), pursuant to Rule 72(b), FED.R. CIV. P., and 28 U.S.C. § 636(b)(1)(c), this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

First, the plaintiff maintains that he, as a *pro se* litigant, "should not be held to the same standards as licensed attorneys." (Docket No. 46 at 1). The United States Supreme Court decision cited by the plaintiff for this proposition, however, applies to *pro se* prisoners bringing suit "because of the unique circumstance of incarceration." *McNeill v. United States*, 508 U.S. 106, 113 (1993). Mr. Sheridan is not an incarcerated prisoner bringing suit; therefore, his citation to *Haines v. Kerner*,

404 U.S.C. § 519 (1972) has no application. Given the nature of the plaintiff's objections, it appears that he is requesting the court to side with him in his statutory interpretation, in that he is proceeding *pro se*. Although on occasion, it is appropriate for courts to "grant some slack" to a *pro se* litigant, Mr. Sheridan has chosen to bring suit under a federal statute that this court must construe according to principles of law that must operate equally for and against plaintiffs and defendants, whether or not they are represented by counsel.

Next, the plaintiff asserts that the defendant should not be allowed to rely upon the Declaration of Alisia Stephens, a "litigation support specialist" for the defendant. (Docket No. 31-1). This assertion is in error. The Declaration meets all of the requirements of Rule 56(c)(2), FED. R. CIV. P., and establishes not only that the defendant had a "permissible purpose" for accessing the plaintiff's credit report with Experian, but also that the defendant had "reason to believe" that the plaintiff owed the three debts in question. The defendant had no obligation to do further verification of the legitimacy of the debts, and the plaintiff has produced no evidence that he, in fact, did not owe these three debts that were to be collected by the defendant.

Third, the plaintiff asserts, with no authority whatsoever, that the three debts do not come within the definition of "account" under the Fair Credit Reporting Act. The magistrate judge did careful analysis on this issue in the Report and Recommendation, and the court finds no error in that analysis.

For the reasons expressed herein, the plaintiff's Objections are hereby OVERRULED and the Report and Recommendation is ACCEPTED and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby ORDERED that the defendant's Motion for Summary Judgment (Docket No. 30) is GRANTED, and this case is DISMISSED WITH PREJUDICE. The defendant shall recover no fees and costs.

This Order constitutes the final judgment in this case, and any appeal would not be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

It is so **ORDERED.**

Enter this 12th day of September 2016.

ALETA A. TRAUGER
U.S. District Judge